IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| TRAMAINE EDWARD MARTIN, | ) | CASE NO.1:18-CV-02381-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN JAY FORSHEY, | ) | |
| | ) | REPORT & RECOMMENDATION |
| | ) | |
| Defendant, | ) | |

**Introduction**

Before me[1] is the *pro se* petition of Tramaine Edward Martin for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Martin is incarcerated at the Noble Correctional Institution in Caldwell, Ohio where he is serving a sentence of ten years to life in prison imposed in 2017 by the Cuyahoga County Common Pleas Court after Martin was found guilty at a bench trial of multiple counts related to kidnapping, attempted rape and gross sexual imposition, all involving a ten-year-old girl.[3]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary in a non-document order entered on February 27, 2019. In an action not effecting the referral, the matter was reassigned to United States District Judge James R. Knepp II in a non-document order entered December 2, 2020.
[2] ECF No. 1.
[3] ECF No. 14, Attachment 2 (state court record) at 37.

In his petition, Martin raises six grounds for relief.[4]The State, in its return of the writ, asserts that the petition should be dismissed in part and denied in part.[5]Martin has filed a traverse.[6]

For the reasons that follow, I will recommend that the petition of Tramaine Edward Martin for a writ of habeas corpus be dismissed in part and denied in part, as more fully detailed below.

## Proceedings in the State Courts

### 1.  Court of Common Please - Background Facts, Trial,  and Sentencing

The relevant background facts were found by the Ohio appeals court and are here presumed correct.[7]

In December 2016, K.B., a ten-year-old girl at the time, together with her two siblings, was having a sleep over with her cousins at the home of her aunt, K.S.[8]Martin is the father of K.S.'s two youngest children and, at the time of the sleep over, was living in K.S.'s home, although he had his own separate bedroom.[9]

K.B. testified that during the night of the sleep over she was sharing a bed with her 12-year-old cousin, T.M., who is Martin's daughter.[10]K.B. further testified that she awoke in the middle of the night when she heard Martin come into the room.[11]Martin proceeded to get into the bed under the covers between K.B. and T.M., pull down K.B.'s pants and then attempt to "stick his

---

[4] ECF No. 1 at 7-13.
[5] ECF No. 14.
[6] ECF No. 31. The relevant document is entitled "Amended Traverse." However, no prior traverse was filed that could be amended.
[7] 28 U.S.C. § 2254(e)(1).
[8] ECF No. 24 at 209.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 210.

private part" into K.B. from behind while holding her arms down.[12]K.B. explained that Martin was unsuccessful in this because she kept her legs closed.[13]However, Martin then put his tongue into K.B.'s "private part," pulled up her pants, and left the room.[14]

K.B. for her part went outside onto the porch and called her mother, who, upon retrieving K.B., took her directly to the Cleveland Heights police station.[15]Once there, K.B. gave both a written and oral statement to police before going home to await an examination by a sexual assault nurse examiner (S.A.N.E.) the next morning.[16] That examination was conducted within a few hours of K.B. making the police report.[17]

At trial, K.B.'s mother, aunt, and cousin testified, confirming K.B.'s version of events.[18]Notably, Martin's 12-year-old daughter, T.M., testified that she remembered sharing the bed with K.B. that night, and further stated that she recalled that she had seen Martin get into the bed and under the covers between her and K.B.[19]

A forensic scientist and forensic biologist both testified as to the results of the rape kit.[20]The forensic biologist testified that she found amylase – found in saliva and other bodily fluids - on the front and back panel of K.B.'s underwear.[21]The forensic biologist further testified that the amylase contained DNA from two people – K.B. and a male.[22]In addition, she testified that while the male DNA sample on the front panel of the underwear was too small to be able to ascertain who it was

---

[12] Id.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.* at 211.
[19] *Id.*
[20] *Id.* at 212.
[21] *Id.*
[22] *Id.*

from, the male DNA found on the back panel of K.B.'s underwear was consistent with Martin's DNA.[23]

After the prosecution rested, Martin testified on his own behalf, denying any sexual conduct with K.B. But he did admit to going into the bedroom where K.B. and T.M. were sleeping, stating that he did so to check on the girls.[24]He also testified that he had put his knee and hand on the bed so that he could retrieve T.M.'s glasses, because she had fallen asleep with them on.[25]

Martin was indicted in December 2016 on five counts: one count each of rape and attempted rape, two counts of gross sexual imposition and one count of kidnapping.[26]Martin pled not guilty.[27]

Martin then successfully moved to replace his first appointed counsel, and then moved to remove his second appointed counsel and represent himself.[28]After a court-appointed psychiatrist evaluated Martin and stated that he was competent to represent himself, the trial court permitted Martin to proceed *pro se* with a public defender to provide stand-by assistance.[29]The court then held a pretrial hearing after which it determined that Martin knowingly, voluntarily and intelligently waived his right to counsel and chose to represent himself.[30]For his part, Martin filed a written waiver of his right to counsel and statement of his wish to proceed *pro se*.[31]

---

[23] *Id.*
[24] *Id.* at 213.
[25] *Id.*
[26] *Id.* at 1.
[27] *Id.* at 4.
[28] *Id.* at 5.
[29] *Id.* at 8.
[30] *Id.*
[31] *Id.* at 9.

Thereafter, the trial court denied or found moot pretrial motions by Martin, such as seeking a dismissal for purported speedy trial violations[32]and for the suppression of evidence alleging unreasonable search and seizure.[33]After a hearing, the court allowed Martin to waive his right to a jury and elect a bench trial.[34]

At trial, as noted above, Martin testified in his own defense. After Martin unsuccessfully moved under Ohio Criminal Rule 29 for an acquittal,[35]he was found not guilty of rape and of one count of gross sexual imposition, but guilty on all other charges.[36]The trial court then denied Martin's motion for a new trial.[37]

On July 20, 2017, Martin was sentenced.[38]In doing so, the court merged Count Two (attempted rape) with Count Five (kidnapping), as well as merging Count Three (gross sexual imposition) with Count Five (kidnapping).[39] The State elected to have Martin sentenced only on Count Five (kidnapping with a sexual motivation).[40]In that regard, the trial court found that Martin had released the victim to a safe place and so sentenced him to a mandatory ten years to life in prison and further found him to be a Tier III Sex Offender/Child Offender.[41]The trial court further advised Martin of his appeal rights and appointed new appellate counsel, although Martin waived such appointment on the record.[42]

---

[32] *Id*. at 10, 16.
[33] *Id*. at 20, 33.
[34] *Id*. at 34, 35.
[35] *Id*. at 36.
[36] *Id*. at 37.
[37] *Id*. at 38, 43.
[38] *Id*. at 44.
[39] *Id.*
[40] *Id.*
[41] *Id*.
[42] *Id*.

## 2. Ohio Court of Appeals

On July 24, 2017, Martin, *pro se*, timely[43] filed a notice of appeal with the Ohio Court of Appeals.[44]In his brief in support, Martin raised the following seven assignments of error:

> 1. The trial court committed plain, reversible error when it denied [Martin's] motion to suppress.
>
> 2. The trial court committed plain, reversible error when it denied [Martin's] motion for dismissal of the indictment.
>
> 3. The trial court committed plain, reversible error when it denied [Martin's] motion for dismissal based upon violation to (*sic*) statutory and constitutional right to a speedy trial.
>
> 4. [Martin's] convictions are not sustained by substantial evidence.
>
> 5. [Martin's] convictions are against the weight of the evidence.
>
> 6. The trial court imposed a sentence that wasn't authorized by law; is void, *ab initio*, and must be vacated along with the convictions thereof (*sic*).
>
> 7. R.C. 2951.147 is unconstitutional when attached to a violation of R.C. 2905.01(A)(4).[45]

The State filed a brief in opposition,[46]to which Martin replied.[47]On May 10, 2018, the Ohio appeals court overruled all the assignments of error and affirmed the judgment of the trial court.[48]

## 3. Ohio Supreme Court

---

[43] To be timely, a notice of appeal must be filed within 30 days of the entry of judgment in the trial court. Ohio App. R. 4(A).

[44] ECF No. 14, Attachment 2 at 46.

[45] *Id*. at 51.

[46] Id. at 140.

[47] *Id*. at 181.

[48] *Id*. at 207.

On July 9, 2018, Martin, *pro se*, timely filed[49]a notice of appeal with the Supreme Court of Ohio.[50]In his memorandum in support of jurisdiction, Martin raised the following six propositions of law:

> 1.     It is plain, reversible error to deny a motion to suppress that challenges an affidavit based on mere conclusions that a crime was committed, a statement that the defendant committed such, and lacking any independent indicia of probable cause for an independent determination.

> 2.     A criminal defendant is denied his right to a speedy trial where he establishes am unreasonable period of delay, no reasonable justification for delay, assertion of right throughout delay, and substantial prejudice from delay. *Barker v. Wingo* (1972), 407 U.S. 514, 530.

> 3.     A criminal defendant is denied his right to a speedy trial when he is not brought to trial until (273) days after his arrest, as stipulated by the State of Ohio.

> 4.     The prosecution has failed to satisfy its burden of proof beyond a reasonable doubt when it does not present any evidence that supports conviction for kidnapping, i.e., substantial movement, prolonged restraint, secretive confinement, being unable to leave, calling for help, or verbal threatening.

> 5.     Ohio law does not provide for a specified parole eligibility period for the offense f kidnapping and therefore, any terms of imprisonment imposed on such a theory is unlawful, void *ab initio* and must be vacated.

> 6.     To impose a term of imprisonment on the allied offense the State elects to pursue and then, further impose registration duties on allied offenses that were merged constitutes double-punishment and infringes on double-jeopardy protections.[51]

The State waived the filing of a responsive memorandum.[52]On August 29, 2018, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.[53]The record does not indicate that Martin then sought a writ of certiorari from the United States Supreme Court.

**4.     Post-conviction**

---

[49] Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i) provides that a notice of appeal must be filed in the Supreme Court of Ohio within 45 days of the appellate judgment for which review is sought.
[50] *Id*. at 260.
[51] *Id*. at 263-64.
[52] *Id.* at 396.
[53] *Id*. at 312.

While the direct appeal was still pending in the Ohio appellate court, Martin, *pro se,* moved the trial court for post-conviction relief on July 25, 2017.[54]In his motion Martin claimed:

> 1.      The judgment of conviction is void *ab initio* pursuant [to] findings [*sic*] in *State v. Anderson,* 143 Ohio State 3d 173, 2015-Ohio-2089, & 8th Dist. No. 102427, 2015-Ohio-5136.
>
> 2.      The sentence of (10) to life is a "trial tax" and cruel and unusual punishment.[55]

In response, the State moved for summary judgment.[56]In addition, the State submitted proposed findings of fact and conclusions of law.[57]On August 21, 2017, the trial court denied Martin's petition and issued findings of fact and conclusions of law.[58]

On January 14, 2019, Martin, *pro se*, again petitioned to vacate or set aside judgment.[59]In the petition Martin made the following claim:

> 1.      Where exigent circumstances have been fabricated to, ideally, circumvent Fourth Amendment warrant requirements, an unlawful search has occurred and warrants the suppression of the fruits of the poisonous tree.[60]

Less than ten days later and without receiving a reply from the State, on January 23, 2019 the trial court summarily denied Martin's petition without an opinion.[61]

On February 6, 2019, Martin, *pro se*, then timely appealed from that decision.[62]In his brief, Martin raised the following single assignment of error:

---

[54] *Id*. at 313.

[55] *Id.*

[56] *Id.* at 322. Martin also filed his own motion for summary judgment. *Id*. at 342.

[57] *Id*. at 328.

[58] *Id*. at 336.

[59] *Id*. at 350.

[60] *Id*.

[61] *Id*. at 354.

[62] *Id.* at 355.

1.    The trial court denied due process when it denied post-conviction relief without comment.[63]

The State filed a brief in response.[64]As of the date this Report and Recommendation was submitted, according to the online docket of the Ohio Eighth District Court of Appeals[65] this matter has not been adjudicated.[66]

## Federal Habeas Corpus

On October 12, 2018,[67]Martin, *pro se*, timely[68]filed the present petition for habeas relief.[69]Martin asserted the following six grounds for habeas relief:

1.    An affidavit that makes mere conclusions that a crime was committed, a statement that the defendant committed it, and lack[s] any indicia of probable cause for an independent determination lacks Fourth Amendment standing.

2.    Petitioner was denied the constitutional right to a speedy trial when there existed an unreasonable period of delay, no reasonable justification for delay, asserted right at the onset of case, and incurs substantial prejudice from delay.

3.    Petitioner was denied his statutory right to a speedy trial when he wasn't brought to trial within the limits prescribed by O.R.C. §2945.71 et seq., thereby denying due process and equal protection of the law.

4.    Conviction(s) is/are not sustained by sufficient evidence.

5.    The term of imprisonment imposed is not authorized by law, therefore it is void *ab initio* and must be vacated.

6.    To impose penalties for allied offenses of similar import constitutes double punishment and infringes upon double jeopardy protections.[70]

---

[63] *Id.* at 359.

[64] *Id*. at 378.

[65] https://appeals.cuyahogacounty.us

[66] While it is accepted in Ohio that a "reviewing court will presume that a lower court overruled a motion on which it did not expressly rule, in instances when it is clear from the circumstances that is what the lower court intended to do," *Newman v. Al Castrucci Ford Sales*, 54 Ohio App. 3d 166, 169 (1988), I have found no authority extending this principle from a failure to rule on motions to a failure to adjudicate an appeal. That said, the failure of the Ohio appeals court to issue a decision on this appeal neither jeopardizes exhaustion, since Martin has not failed to present the issue on appeal, nor does it raise any issue which is now the subject of his habeas petition.

[67] This is the date the petition was received for filing by the Clerk's Office. ECF No. 1 at 1. Martin signed the petition on October 9, 2018. *Id*. at 13.

[68] The petition was filed within one year of the conclusion of Martin's direct appeal. 28 U.S.C. §2254(d)(1).

[69] ECF No. 1.

[70] *Id*. at 7-13.

As noted above, the State filed a return of the writ.[71]In it, the State maintains that;

Ground One – alleging a Fourth Amendment violation – should be dismissed as non-cognizable under the rubric of *Stone v. Powell*;[72]

Ground Two – asserting a constitutional speedy trial error – should be denied on the merits because the Ohio appeals court decision in this respect was not an unreasonable application of the clearly established federal law of *Barker v. Wingo*;[73]

Ground Three – claiming a violation of Ohio's speedy trial statute – should be dismissed as a non-cognizable state law claim;[74]

Ground Four – insufficiency of the evidence – should be denied on the merits because the state court decision on this claim was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*;[75]

Ground Five – unauthorized sentence – should be dismissed as non-cognizable because the Ohio appeals court determined that the sentence did not violate Ohio law and its finding is binding here;[76]

Ground Six – claiming that the sentence improperly included the requirement of registration as sex offender – should be dismissed a non-cognizable because the registration

---

[71] ECF No. 14.
[72] *Id*. at 15, citing *Stone v. Powell*, 428 U.S. 465 (1976).
[73] ECF No. 14 at 17-19, citing *Barker v. Wingo*, 407 U.S. 514 (1972).
[74] *Id*. at 20-23.
[75] *Id*. at 23-31, citing *Jackson v. Virginia*, 443 U.S. 307 (1979).
[76] *Id*. at 31-33.

requirement is a collateral consequence of the sentence and does not, of itself, render Martin "in custody" for federal habeas purposes, nor does it implicate the Double Jeopardy clause.[77]

Martin filed a traverse, where, *inter alia*, he asserted that Ground Six – claiming that his sentence improperly included registration as a sex offender – could not be decided from the record and so should be the subject of an evidentiary hearing.[78]

## Analysis

### 1.    Preliminary Observations

Before proceeding further I make the following preliminary observations:

1.      There is no dispute that Martin is in custody of the State of Ohio as a result of his conviction and sentence by an Ohio court in the matter that is the subject of this petition, and that he was so incarcerated at the time he filed this petition, thus vesting this Court with jurisdiction.[79]

2,      There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[80]

3.      In addition, my own review of this Court's docket confirms that this is not a second or successive petition for federal habeas relief arising from this conviction and sentence.[81]

---

[77] *Id*. at 33-37.
[78] ECF No. 31 at 9.
[79] 28 U.S.C. §2254(a).
[80] 28 U.S.C. §2254(d)(1).
[81] 28 U.S.C. §2254(b).

4.     Furthermore, as set forth above, it appears that all claims asserted here have been fully exhausted in that they have been presented to Ohio courts through one full round of Ohio's established appellate review procedure.[82]

5.     Finally, Martin has not sought the appointment of counsel, although, as noted above, he has requested a hearing on his claims in Ground Six because, he alleges, "this claim cannot be decided from the current record before this Court."[83] To that point, the United States Supreme Court in *Cullen v. Pinholster*[84] has held that, where, as here, the state court has adjudicated the claims in the petition against the petitioner on the merits, the federal habeas court is "limited to the record that was before [that] state court ...."[85] Thus, there is no basis for an evidentiary hearing in this matter, particularly as to Ground Six, which involves the imposition of sex offender registration, which, as will be detailed below, is a non-cognizable state law claim. Thus, I recommend denying Martin's motion/request for an evidentiary hearing.

## 2.     Recommended claims adjudication

## 2. A.   Ground One

In this claim Martin contends that because the affidavit supporting the search warrant that yielded evidence such as his cell phone was purportedly defective, the trial court erred by denying his motions to suppress this evidence. In particular, he claims that because the detective who swore to the affidavit didn't personally witness any rape or kidnapping, which crimes formed the basis

---

[82] *Id.* In this regard, I again note that although Martin's post-conviction claim that his post-conviction petition was denied without comment is still not ruled on by the Ohio appeals court, this claim is not one of his federal habeas claims.

[83] ECF No. 31 at 9.

[84] 563 U.S. 170 (2011).

[85] *Id.* at 180.

for the subsequent search, the affidavit itself should have been found invalid and the resulting search and its results suppressed.

It is well-settled that when a state has provided an opportunity for the full and fair litigation of a Fourth Amendment claim, a habeas petitioner may not obtain relief on the grounds that evidence obtained in a search or seizure was obtained in violation of his Fourth Amendment rights.[86] To ascertain whether a petitioner was afforded a full and fair opportunity in state courts to litigate his Fourth Amendment claim, a federal habeas court must make two distinct inquiries: (1) whether the state has provided a procedural mechanism through which a petitioner could raise a Fourth Amendment claim, and (2) whether this particular petitioner's claim was frustrated because of a failure of that mechanism.[87]

Here, Ohio does provide adequate mechanisms for the litigation of Fourth Amendment claims in the form of a pretrial motion to suppress under Rule 12 of the Ohio Rules of Criminal Procedure, and then, under Ohio Appellate Rules 3 and 5, a direct appeal as of right from an order denying such a motion to suppress. Thus, Ohio is recognized as providing an adequate mechanism for addressing Fourth Amendment claims.[88]

Next, Martin fully availed himself of that process. As noted above, he moved in the trial court to suppress the challenged evidence, appealed the trial court's denial of that motion to the Ohio appeals court, which court rejected his claim, and finally appealed that decision to the Ohio Supreme Court, which declined to accept jurisdiction of the appeal.

---

[86] *Stone v. Powell*, 428 U.S. 465, 494 (1976).
[87] *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982), *cert. denied*, 549 U.S. 948 (1982).
[88] *Id*.

Accordingly, because Ohio provides a means for adjudicating a Fourth Amendment challenge to the admission of evidence, and because Martin fully employed that mechanism through all levels of the Ohio court system, Martin may not here seek to once again relitigate that claim to a federal habeas court. Thus, Ground One should be dismissed as non-cognizable under *Stone v. Powell*. Further, to the extent that Ground One is presented solely as a question of Ohio law, it should likewise be dismissed as non-cognizable.[89]

## 2.B.    Ground Two

In Ground Two, Martin asserts that he was denied his federal constitutional right to a speedy trial.

To determine if a constitutional speedy trial violation has occurred, the Supreme Court in *Barker v. Wingo*[90] has set out a four-factor balancing test: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant from the delay.[91]Moreover, to trigger this balancing test, the defendant must first demonstrate that the interval between the accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay.[92]Thus, the length of the delay is a threshold requirement. If the delay is not "uncommonly long," judicial examination ends.[93]To that point, only those periods of delay attributable to the court or the prosecution are relevant.[94]

In this case, the Ohio court of appeals considered Martin's claim by initially noting that, under *Barker v. Wingo*, states are free to prescribe a specific, reasonable time within which to bring

---

[89] *Walker v. Engle*, 703 F.3d 959, 962 (6th Cir. 1983), *cert. denied*, 464 U.S. 962.

[90] 407 U.S. 514, 518 (1972).

[91] *Id*. at 533.

[92] *Id*. at 530.

[93] *Maples v. Stegall*, 427 F.3d 1020, 1025-26 (6th Cir. 2005) (citing *Doggett v. U.S*., 505 U.S. 647, 652 (1992)).

[94] *United States v. Howard,* 218 F.3d 556, 564 (6th Cir. 2000) (citation omitted).

an accused to trial.[95] In that regard, Ohio, by statute, has enacted specific time requirements for bringing an accused to trial.[96]

Here, the Ohio appeals court observed that Martin was brought to trial a little over six months after he was indicted.[97] As such, it was well under the one-year period that is held to be presumptively prejudicial.[98] Further, the Ohio court noted that Martin himself stated that the length of delay in his case was not so egregious as to warrant automatic dismissal of his case.[99] Accordingly, the court concluded that because the delay between indictment and trial was not presumptively prejudicial, Martin did not meet the threshold showing required to establish a speedy trial violation and so denied his claim.[100]

The Sixth Circuit has held that a six-and-a-half-month delay is not presumptively prejudicial,[101] nor is a five-month delay.[102] In light of this, Martin has not advance any clearly established federal law to the contrary showing that a delay of six months violates the Constitution. Accordingly, I recommend finding that the decision of the Ohio court in this instance was not an unreasonable application of the clearly established federal law of *Barker v. Wingo* and so Ground Two should be denied on the merits.

## 2.C.    Ground Three

---

[95] ECF No. 14, Attachment at 223.
[96] *Id*.
[97] *Id.*
[98] *Id.* (citation omitted).
[99] *Id.*
[100] *Id*.
[101] *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993).
[102] *United States v. Howard*, 218 F.3d 555, 556 (6th Cir. 2000).

In this claim, Martin argues that his right to a speedy trial under Ohio law was violated and that this violation constituted a denial of his federal constitutional rights to due process and equal protection.

Generally, errors of state law do not give rise to federal habeas relief.[103]Such errors become a ground for federal habeas relief when they result in a proceeding that is fundamentally unfair and so violates the Due Process Clause.[104]Moreover, an Ohio court's interpretation of Ohio law is binding on this Court.[105]

Here, the Ohio appeals court computed the days that elapsed between Martin's arrest and the date he was brought to trial, with 90 days being the time set by Ohio statute and the time spent in dealing with defense motions, defense continuances, reassignment of the case to a different judge and handling Martin's motions to dismiss his counsel and represent himself not being counted toward the statutory time requirement.[106]It also took note that at a hearing on Martin's pre-trial motion to dismiss for speedy trial violations, both parties agreed that 19 days remained on Martin's speedy trial clock under Ohio law.[107]The Ohio court then concluded that, after Martin's trial date was advanced, only a total of 60 speedy trial days had elapsed, thus making his trial well within the 90 days set by statute.[108]

Once again, the Ohio court's interpretation of Ohio statutory law is binding on this Court. As such, to the extent that Ground Three raises an issue of Ohio law, it should be dismissed as non-cognizable. To the extent that it claims that 60 days elapsing from Ohio's speedy trial time

---

[103] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).
[104] *Walker,* 703 F.2d at 962.
[105] *Bradshaw v. Rickey*, 546 U.S. 74, 76 (2005).
[106] ECF No. 14, Attachment at 224-28.
[107] Id.
[108] *Id*.

requirement is fundamentally unfair and so a violation of the Due Process Clause, it should be denied on the merits since the decision of the Ohio appeals court here is not contrary to clearly established federal law, as has been detailed above.

## 2.D.    Ground Four

In this claim, Martin contends that there was insufficient evidence to convict him of kidnapping, and without the kidnapping offense, there could not have been a merger of that offense with the attempted rape and gross sexual imposition offenses such that the merged offenses would warrant his sentence.[109]

As noted above, Martin waived a jury and elected to have a bench trial. When reviewing a claim of insufficient evidence after a bench trial, the relevant *Jackson v. Virginia*[110] standard remains the same. That test holds, specifically, whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. The only difference in a bench trial is that it is the decision of the trial judge that is owed deference by the reviewing court.[111] Further, on federal habeas review, an additional layer of deference is owed to the state appellate court's determination that sufficient evidence existed.[112]

The Ohio appeals court began its analysis specifically of the kidnapping conviction by noting that the relevant statute defines kidnapping with a sexual motivation specification as stating, in relevant part, that no person, by force, threat or deception, or in the case of a person under the

---

[109] In that regard, Martin appears to concede that there was sufficient evidence to support the convictions for attempted rape and gross sexual imposition. See, ECF No. 1 at 10.
[110] 443 U.S. 307, 319 (1979).
[111] *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).
[112] *Id*.

age of thirteen, by any means, shall restrain the liberty of that person for the purpose of engaging in sexual activity with the victim against the victim's will.[113]The court then recounted the evidence from the victim that Martin had pulled down her pants and attempted to put "his private parts" in her from behind while holding her arms down.[114]That testimony was corroborated by other witnesses as well as the DNA evidence that showed Martin's DNA was present on the back panel of the victim's underwear.[115]

As the State noted in its return of the writ, the victim's testimony of having her hands held down and the DNA evidence, along with the fact that the victim was ten years old and acknowledged being afraid of Martin, all support the conclusion that, viewed in the light most favorable to the prosecution, Martin's conviction for kidnapping of a person under age 13 with a sexual motivation was supported by sufficient evidence. When so viewed in conjunction with the requirement that both the decision of the trial judge and that of the Ohio appeals court should here be accorded deference, I recommend that Ground Four be denied on the merits after AEDPA review because the decision of the Ohio appellate court in this regard was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*.

## 2.5.  **Ground Five**

In Ground Five, Martin alleges that his sentence was contrary to Ohio statute because the trial court merged the counts of kidnapping, attempted rape and gross sexual imposition and then sentenced Martin to a single mandatory term of ten years solely on the kidnapping charge. The

---

[113] ECF No. 14, attachment at 230, quoting O.R.C. 2905.01(A)(4).
[114] *Id*.
[115] *Id*.

Ohio appeals court, for its part, concluded that Ohio Revised Code 2905.01(C)(3)(b) required the trial court to impose the sentence it did, thus denying Martin's claim.[116]

To the extent that Ground Five states a claim arising completely as matter of Ohio law, I note again that federal habeas relief is not available for asserted errors of state law. I note further, as was also stated above, that a decision by an Ohio court interpreting Ohio law is binding on this Court. I finally note that imposing a statute authorized by (and even required by) state law does not violate due process.[117]

Thus, I recommend that Ground Five be dismissed for the reasons stated above.

## 2.6    Ground Six

In Ground Six, Martin argues that the state court sentenced him for the offense of kidnapping and then improperly imposed the requirement that he register as a sex offender because of the merged offenses of attempted rape and gross sexual imposition. To Martin, this added registration requirement was an additional, cumulative punishment for offenses that had already been merged and punished so violates double jeopardy.[118]

As the State points out, Ohio's sexual predator designation and registration requirement has been held to be a form of civil regulation that is a collateral consequence of the conviction and so the requirement to register does not satisfy the "in custody" requirement of the federal habeas statute.[119]Thus, to the extent that Ground Six challenges this requirement, it is not challenging

---

[116] ECF No. 14, attachment at 234.
[117] See, *Worrell v. Sheets,* 2009 WL 2591667, at *1 (S.D. Ohio Aug. 19, 2009) ("In short, the federal due process clause simply is not implicated when a state court imposes [] sentences in a manner that appears to be authorized under state law.")
[118] ECF No. 14, attachment at 233-35.
[119] *Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002).

either Martin's conviction or sentence, which may properly be brought before a federal habeas court, but is challenging a collateral consequence of that conviction and sentence, which is outside the jurisdiction of a federal habeas court. Indeed, the Sixth Circuit has held that the personal registration requirements that Martin challenges here are not enough to render a sex offender "in custody" so as to confer jurisdiction on a federal habeas court.[120]

Accordingly, I recommend that Ground Six be dismissed as non-cognizable.

## Conclusion

For the reasons stated, I recommend that the *pro se* petition of Tramaine Edward Martin for a writ of habeas corpus under 28 U.S.C. §2254 be denied in part and dismissed in part, as is more fully detailed above, and that his motion/request for an evidentiary hearing be denied for the reasons given above.

IT IS SO RECOMMENDED.

Dated: February 8, 2022                         s/William H. Baughman Jr.

                                                United States Magistrate Judge

---

[120] *Hautzenroeder v. DeWine*, 887 F.3d 737,

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.