# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TRAMAINE EDWARD MARTIN,**

    Petitioner,

v.

**WARDEN JAY FORSHEY,**

    Respondent.

CASE NO. 1:18 CV 2381

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

*Pro se* Petitioner Tramaine Edward Martin ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On February 8, 2022, Judge Baughman issued an R&R recommending the Petition be denied in part and dismissed in part. (Doc. 32). Following this Court's grant of an extension of time, on April 18, 2022, Petitioner filed his Objections thereto. (Doc. 36). The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court OVERRULES Petitioner's Objections, ACCEPTS the R&R, and DENIES and DISMISSES the Petition.

**BACKGROUND**

The present petition arises out of Petitioner's bench trial conviction on charges of attempted rape, gross sexual imposition, and kidnapping with a sexual motivation specification. *State v Martin*, 2018-Ohio-1843, at ¶¶ 1, 5, 14 (Ohio Ct. App.).

In his habeas Petition, Petitioner raises six grounds for relief:

**Ground One:** An affidavit that makes mere conclusions that a crime was committed, a statement that the[] defendant committed it, and lacking any indicia of probable cause for an independent determination lacks Fourth Amendment standings.

**Ground Two**: Petitioner was denied the constitutional right to a speedy trial when there existed an unreasonable period of delay, no reasonable justification for delay, asserted right at onset of case, and incurs substantial prejudice from delay.

**Ground Three**: Petitioner was denied his statutory right to a speedy trial when he wasn't brought to trial within the limits prescribed by O.R.C. § 2945.71 et seq., thereby denying due process and equal protection of the law.

**Ground Four**: Conviction(s) is/are not sustained by sufficient evidence.

**Ground Five:** The term of imprisonment is not authorized by Ohio law, therefore it is void ab initio and must be vacated.

**Ground Six:** To impose penalties for allied offenses of similar import constitutes double punishment and infringes upon double jeopardy protections.

(Doc. 1, at 7-12).

The R&R recommends (1) Ground One be dismissed as non-cognizable under *Stone v. Powell*, 428 U.S. 465 (1976) and – to the extent it is presented solely as a question of Ohio law – as non-cognizable; (2) Ground Two be denied on the merits; (3) Ground Three – to the extent it raises an issue of Ohio law – be dismissed as non-cognizable, and – to the extent it raises a due process claim – be denied on the merits; (4) Ground Four be dismissed on the merits; (5) Ground

2

Five be dismissed as non-cognizable and without merit; and (6) Ground Six be dismissed as non-cognizable.

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018). General objections trigger only clear-error review. *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Further, a federal court may review a state prisoner's habeas petition only on grounds that the challenged confinement violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Because state courts are the final authority on state-law issues, a federal habeas court must defer to and is bound by the state court's rulings on such matters. *See Estelle v. McGuire*, 502 U.S. 62, 63 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) ("[A] violation of state law is not cognizable in federal habeas [ ] unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.").

### DISCUSSION

Petitioner objects to the R&R's recommendations on Grounds One, Two, Four, Five, and Six. *See* Doc. 36. The Court addresses each in turn.

Ground One

In Ground One, Petitioner contends the affidavit supporting a search warrant was not supported by probable cause and the trial court therefore erred in denying his motion to suppress certain evidence. The R&R accurately sets forth the well-established principle from *Stone v. Powell*, that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced in his trial." 428 U.S. 465, 494 (1976); *see also Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (holding that

4

opportunity for full and fair litigation of a Fourth Amendment claim exists where state procedural mechanism presents an opportunity to raise the claim, and presentation of the claim was not frustrated by a failure of that mechanism).

Two considerations underpin *Powell*'s general rule against federal habeas review of Fourth Amendment claims: first, the "key purpose of federal habeas corpus is to free innocent prisoners[, and] whether an investigation violated the Fourth Amendment has no bearing on whether the defendant is guilty"; and, second, "exclusion is a prudential deterrent prescribed by the courts, not a personal right guaranteed by the Constitution[, so] [a]ny deterrence produced by an additional layer of habeas review is small, but the cost of undoing final convictions is great." *Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013) (citing *Powell*, 428 U.S. at 490, 493).

An "opportunity for 'full and fair consideration'" under *Powell* "means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Id.* at 639. Thus, "[i]n the absence of a sham proceeding, there is no need to ask whether the state court conducted an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary's procedures for resolving the claim." *Id.* Instead, federal habeas courts "must . . . presume that, once a federal claim comes before a state court, the state judge will use a fair procedure to achieve a just resolution of the claim". *Id. Powell* thus precluded federal habeas review of the petitioner's Fourth Amendment claim in *Good* because, even though he was not granted an evidentiary hearing on his motion to suppress, he was able to present his motion to the state trial and appellate courts, which considered and rejected it. *Id.* at 640.

In his Objections, Petitioner concedes Ohio's procedural mechanism for Fourth Amendment claims is adequate, but asserts appellate review was frustrated "because the

5

prosecution presented false evidence and the state appellate court relied on such". (Doc. 36, at 4). He points to the arguments made before the Ohio appellate courts. *Id.* at 4-5. As the R&R sets forth, however, Petitioner fully availed himself of Ohio's process for evaluating Fourth Amendment claims – through a motion to suppress, and an appeal to all levels of the Ohio courts.

As such, the Court overrules Petitioner's objection as to Ground One.

Ground Two

In Ground Two, Petitioner asserts a violation of his constitutional speedy trial rights. The R&R recommends this ground be dismissed on the merits, finding the state court's evaluation did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law". 28 U.S.C. § 2254(d)(1). Having reviewed *de novo* Petitioner's speedy trial claim, the Court agrees with the R&R's analysis and overrules Petitioner's objection.

Ground Four

In Ground Four, Petitioner raises a sufficiency of the evidence claim. The R&R recommends this ground be dismissed on the merits.

In reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The reviewing court may not "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the [fact-finder]." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). On habeas review this question involves "a double layer of deference": *Jackson* allows the state court to view the evidence in the light most favorable to the prosecution and to overturn only an unreasonable verdict, and AEDPA forbids the habeas court from overturning the conviction unless the state court's sufficiency determination itself was

6

unreasonable. *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). Given this "double deference," a habeas petitioner "who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle." *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

In his Objections, Petitioner contends the Magistrate Judge "misinterpret[ed] the conclusion advanced for this claim." (Doc. 36, at 6). He asserts:

> I stated that a reversal, or finding of insufficient evidence on kidnapping conviction necessitated the same for merged offenses because state law on O.R.C. § 2941.25 holds that the major crime consumes everything about the component offense(s). See, Gates Mills v. Yomtovian, 8th Dist. No. 88942, 2007-Ohio-6303, ¶ 23. In my mind, this rationale renders my attack on kidnapping an attack across the board. Consequently, I only have to prove that the prosecution failed to produce sufficient evidence for every element of kidnapping.

*Id.* at 6-7.

Petitioner points to contradictions within the evidence, specifically between the victim's testimony and other evidence of record, arguing there was insufficient evidence to support the kidnapping conviction. *See* Doc. 36, at 7 ("Relying on testimony, alone, reduces the burden of proof to beyond a reasonable doubt to that of the preponderance attached to credibility.").[1] But

---

1. Elsewhere in his Objections, Petitioner objects to the R&R's adoption of the facts as set forth by the Ohio appellate court. *See* Doc. 36, at 2 ("The facts outlined by the state appellate court cannot be presumed correct when the record contradicts the findings."). For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the petitioner shows, by clear and convincing evidence, the state court's factual findings were erroneous. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013). Petitioner's first objection to the facts simply points to inconsistencies in the victim's trial testimony and between her testimony and other documentation in the record. But this is not "clear and convincing" evidence that the state court's factual findings were erroneous; rather, it is simply a challenge to the factfinder's credibility determination.

Petitioner's second objection to the facts as found by state appellate court relates to the forensic biologist's testimony. The state appellate court said: "The forensic biologist explained she conducted testing that revealed the presence of amylase on both the front and back panels of K.B.'s underwear." *Martin*, 2018-Ohio1843, at ¶ 11. Petitioner contends that "in reality, she stated that

7

"the testimony of the victim alone is constitutionally sufficient to sustain a conviction." *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing *United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966) ("The testimony of the prosecuting witness, if believed by the jury, is sufficient to support a verdict of guilty.")). Thus, Petitioner's argument that there is no physical evidence to support the restraint element of kidnapping, or that there is no mention of restraint in the police report is unavailing. The state appellate court relied on the victim's testimony that Petitioner held her arms down during the attempted rape. *Martin*, 2018-Ohio-1843, at ¶ 59. Given the double deference applied, the Court finds no error with the R&R's conclusion that the state appellate court determination on the sufficiency issue was not contrary to, or an unreasonable application of *Jackson v. Virginia*.

Petitioner further argues, citing Ohio case law, that "the[] judge had no right to communicate with himself during deliberation, except publicly, and in the presence of the accused" and "[t]his illegal communication was the deciding force of [the] case." (Doc. 36, at 7). This argument was not presented to the Magistrate Judge in the first instance, and will thus not be considered. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." ).

---

samples (a cutting and a swab) were collected from area identified (back panel)" and the lab report shows amylase being found in only one area. (Doc. 36, at 3). However, even assuming Petitioner's interpretation were correct, he has not demonstrated it would change the sufficiency analysis. Indeed, the state appellate court, in finding there was sufficient evidence to support Petitioner's convictions, stated only: "K.B.'s testimony was corroborated by the testimony of other witnesses as well as DNA evidence indicating Martin's DNA was present in amylase swabbed from the rear panel of K.B.'s underwear." *Martin*, 2018-Ohio-1843, ¶ 59

8

Ground Five

In Ground Five, Petitioner raises a claim that his sentence was not authorized by Ohio law. The R&R recommends the Court find this ground non-cognizable and without merit. In his objections, Petitioner again presents an argument based on Ohio law.

As the R&R explained, the state appellate court found the sentence imposed comported with Ohio law. A federal habeas court is bound by a state court's interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Estelle*, 502 U.S. at 67–68 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Ground Six

Lastly, Petitioner objects to the R&R's recommendation that the Court dismiss Ground Six as non-cognizable because sex offender registration is a collateral consequence of conviction and does not satisfy the AEDPA's custody requirement. Petitioner contends the double jeopardy clause is implicated because the trial court sentenced him on the kidnapping charge, and also imposed a requirement that Petitioner register as a sex offender on the merged offenses of attempted rape and gross sexual imposition.

The Sixth Circuit – examining Ohio's sex offender registration laws – has explained that "personal registration requirements are not enough to render a sex offender 'in custody'." *Hautzenroeder v. DeWine*, 887 F.3d 737, 741 (6th Cir. 2018). And habeas relief is only available for "a person *in custody* pursuant to the judgment of a State court". 28 U.S.C. § 2254(a) (emphasis added). Thus, the challenge Petitioner brings to the validity of the registration requirement is not cognizable on habeas review.

9

Evidentiary Hearing

Petitioner also objects to the R&R's recommendation that his request for an evidentiary hearing be denied. (Doc. 36, at 3-4, 9). He specifically contends that an evidentiary hearing is required on Ground Six because "Respondent fail[ed] to submit a critical piece of the record supporting claim". (Doc. 36, at 9). But "where claims are non-cognizable and/or procedurally defaulted, such claims require no further factual development and thus an evidentiary hearing is not needed." *Minor v. Wainwright*, 2019 WL 653789, at *8 (N.D. Ohio), *report and recommendation adopted*, 2019 WL 652411; *see also Alt v. Eppinger*, 2015 WL 3489867, at *6 (N.D. Ohio) ("[I]f no cognizable or non-defaulted grounds are before federal court, no evidentiary hearing should be held since additional evidence cannot convert a non-cognizable claim into one upon which relief may be granted, nor, of itself, excuse a procedural default."). As such, the Court adopts the recommendation that Petitioner's request for an evidentiary hearing be denied.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Baughman's R&R (Doc. 32) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED and DISMISSED as set forth therein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

10

decision could not be taken in good faith.

                                               *s/ James R. Knepp II*
                                               UNITED STATES DISTRICT JUDGE