IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRAMAINE EDWARD MARTIN,**

    Petitioner,

v.

**WARDEN JAY FORSHEY,**

    Respondent.

CASE NO. 1:18 CV 2381

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

### BACKGROUND

*Pro se* Petitioner Tramaine Edward Martin ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. On February 8, 2022, Magistrate Judge William H. Baughman issued a Report and Recommendation ("R&R") recommending the Petition be denied in part and dismissed in part. (Doc. 32). Following this Court's grant of an extension of time, on April 18, 2022, Petitioner filed his Objections thereto (Doc. 36), and on June 24, 2022, the Court overruled Petitioner's objections, adopted the R&R, and denied and dismissed the petition.

Petitioner has now filed a Motion to Alter or Amend Judgment. (Doc. 39). For the reasons discussed below, the motion will be denied.

### STANDARD OF REVIEW

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "A motion under Rule 59(e) is not an opportunity to re-argue a case. Thus, parties should not use them

to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). It is also well-established in the Sixth Circuit that a Rule 59(e) motion is "not a substitute for appeal and does not allow the unhappy litigant to reargue the case." *Bollenbacher v. Comm'r of Soc. Sec.*, 621 F. Supp. 2d 497, 501 (N.D. Ohio 2008) (discussing Rule 59(e)).

## DISCUSSION

Petitioner contends this Court made clear errors of law as to the analysis of each of his grounds for habeas relief. Upon review, the Court denies Petitioner's Motion to Alter or Amend.

First, Petitioner argues that the Court erred in consideration of his Ground One Fourth Amendment claim because presentation of his claim was frustrated by failure of the state procedural mechanism. (Doc. 39, at 2) (citing *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)). Petitioner contends – as he did before – that the search warrant was based on false evidence offered by the prosecution. But this does not show a failure of the state's procedural mechanism for considering Fourth Amendment claims. *See Streets v. Chapman*, 2018 WL 4492254, at *9 (E.D. Mich.) ("Petitioner's claim that the prosecutor used false evidence to obtain the arrest warrant is barred by *Stone v. Powell*[.]").

Second, Petitioner contends the Court erred in its evaluation of his Ground Two constitutional speedy trial claim. (Doc. 39, at 3). Upon review, the Court finds Petitioner has not pointed to any clear error.

Third, Petitioner contends the Court erred in evaluating his Ground Four sufficiency of the evidence claim. Petitioner's objections to the "double deference" standard applied to sufficiency claims on habeas review is not well-taken. This is the standard. *See, e.g., Snyder v. Marion Correctional Inst. Warden*, 608 F. App'x 325, 327 (6th Cir. 2015) (where a petitioner's "claims

2

arise in the context of a § 2254 petition, [a court's] analysis must be refracted through yet another filter of deference"). Petitioner continues to ask the Court to re-weigh the facts. But findings of fact made by the state court are presumed correct unless a petitioner shows, by clear and convincing evidence, that those facts are erroneous. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013). Petitioner specifically argues there is insufficient evidence to support the restraint of liberty element of a kidnapping conviction under Ohio Revised Code 2901.01(A). But the state appellate court specifically found Petitioner "attempted 'stick his private part' into K.B. from behind while holding down her arms". *State v. Martin*, 2018-Ohio-1843, ¶ 7 (Ohio Ct. App.). The state appellate court's decision that the testimony was sufficient to support the kidnapping conviction was neither contrary to nor an unreasonable application of federal law. 28 U.S.C. § 2254(d).

Fourth, Petitioner contends this Court clearly erred in consideration of his Ground Five sentencing claim. He contends his sentence was improper under Ohio law and that the Court failed to answer "the federal due process question". (Doc. 39, at 8). As previously stated, however, the state court found the sentence proper under Ohio law and this Court is bound by that determination. Petitioner has not demonstrated a due process violation. *See Worrell v. Sheets*, 2009 WL 2591667, at *1 (S.D. Ohio) ("Because it cannot be said that Ohio law prohibits imposition of consecutive sentences on petitioner, it cannot be said that petitioner thereby was denied his constitutional right to due process. In short, the federal due process clause simply is not implicated when a state court imposes consecutive sentences in a manner that appears to be authorized under state law.").

Fifth, and finally, Petitioner contends the Court committed a clear error of law in evaluating his double jeopardy claim related to his sex offender registration. He contends that *Hautzenroeder v. DeWine*, 887 F.3d 737 (6th Cir. 2018) is distinguishable because the petitioner there filed her §

3

2254 petition after she was no longer in custody. But to obtain habeas relief under 28 U.S.C. § 2254, Petitioner must show he is "in custody pursuant to the judgment of a State court". 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). The Supreme Court has interpreted this "statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam) (emphasis added). Here, Petitioner is "in custody", but he is not "in custody" pursuant to the sex offender registration requirements he seeks to attack. *See Leslie v. Randle*, 296 F.3d 518, 511 (6th Cir. 2002) ("Although Leslie is currently incarcerated, he is not seeking relief from the conviction or sentence upon which his confinement is based."). As such, the Court finds Petitioner has not pointed to any clear error in the Court's prior analysis. *Cf. Denoma v. Ohio Dep't of Rehab. & Corr.*, 2020 WL 9258404, at *7 (N.D. Ohio) ("Further, although he was in custody at the time he filed his petition, the petition does not allege that the criminal conviction or sentence were 'in violation of the Constitution or laws or treaties of the United States.' Instead, he challenges his designation as a sexually-oriented offender and the related SORNA reporting requirements, which are collateral consequences of his conviction that do not satisfy the 'in custody' requirement for federal habeas corpus relief."), *report and recommendation adopted*, 2021 WL 1185481.

In sum, having carefully reviewed Petitioner's motion, as well as the R&R, Petitioner's previously-filed objections and the Court's prior rulings, the Court finds Petitioner has not pointed to anything satisfying the Rule 59(e) standard. Nothing in Petitioner's motion convinces the Court that its prior decision was clearly erroneous. To the extent Petitioner disagrees with this Court's prior determination, his proper remedy is an appeal.

4

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Petitioner's Motion to Alter or Amend Judgment (Doc. 39), be and the same hereby is DENIED; and the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE
